## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALVIN D. DAVISTON, JR., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-4394 |
| | : | |
| BID PROPERTIES, LLC, *et al.*, | : | |
| Defendants. | : | |

### MEMORANDUM

SÁNCHEZ, C.J.                                                    OCTOBER 19, 2021

Plaintiff Alvin D. Daviston, Jr. has filed a civil action and an Application for Leave to Proceed *In Forma Pauperis*.  Named as Defendants are BID Properties, LLC ("BID"), the Office of Tax Claim Bureau, and Office of Delaware County Sheriff.[1]  For the following reasons, Daviston will be permitted to proceed without the payment of filing fees and his Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.    FACTUAL ALLEGATIONS

The Complaint in this case is brief.  Daviston asserts claims for "Fraud and Civil Rights." (ECF No. 2 at 2.)  He states that on May 10, 2018 a "property located at 2434 Green Street was illegally sold at tax sale by fraud, misrepresentation of material facts and government collusion. See Attached Affidavit of Truth that was not properly addressed by Court of Common Pleas. The Court never answered my affidavit of truth!!"  (*Id.* at 3.)  He seeks as relief the "return of property and court to address affidavit of truth regarding actual facts!!  And monetary damages

---

[1] On the first page of the Complaint, Daviston lists only BID.  In the list of parties on page two of the Complaint, however, Daviston lists the other two Defendants but not BID.  The Court interprets the Complaint to name all three entities as Defendants.  In the accompanying Order, the Clerk will be directed to amend the docket to reflect Daviston has named all three Defendants.

for loss of use of property, marriage dissolution and business." (*Id.* at 4.)  Appended to the Complaint are copies of what appear to be eviction papers filed in the Court of Common Pleas of Delaware County bearing the caption "BID Properties, LLC v. Alvin D. Daviston, Jr." and tax payment receipts.  (*Id.* at 10-19.)  He has also attached what appears to be a real estate listing for the property identifying BID as the owner, having recorded its deed on June 20, 2018.  (*Id.* at 20.)

    This is not the first time Daviston has filed a lawsuit in this Court concerning the property.  In Civ. A. No. 19-5848, Daviston also alleged civil rights claims under 42 U.S.C. § 1983 against BID as well as Kathy Wike of the Delaware County Tax Claim Bureau, Jerry Sanders of the Delaware County Sheriff's Office, and Jacquelyn Kirby, the Delaware County Recorder of Deeds.  In a Memorandum and Order filed on December 18, 2019, the federal constitutional claims against BID were dismissed because it could not be considered a "state actor" subject to liability under § 1983.  *Daviston v. Delaware Cty. Tax Claim Bureau*, Civ. A. No. 19-5848, 2019 WL 6894398, at *2 (E.D. Pa. Dec. 18, 2019).  The balance of Daviston's claims were dismissed without prejudice since his Complaint failed to provide sufficient factual allegations to determine whether he could proceed against the other Defendants.  *Id.*  Daviston filed an Amended Complaint in that case in which he reasserted claims against Wike, Sanders and Kirby, but did not assert claims against BID.  Because the relief Daviston sought against those Defendants, specifically the correction of a deed and the institution of criminal charges, were not the type of relief this Court could grant to a plaintiff in a § 1983 action, the Amended Complaint was dismissed but Daviston was permitted to file a second amended complaint if he could assert plausible claims for money damages.  *Daviston v. Wike*, Civ. A. No. 19-5848, 2020 WL 1158715 (E.D. Pa. Mar. 9, 2020).  Daviston never responded to the Court's order and the case was dismissed on July 27, 2020.

## II.   STANDARD OF REVIEW

Because Daviston appears to be unable to pay the filing fee in this matter, the Court will grant him leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Daviston is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.   DISCUSSION

### A.    Daviston's Federal Constitutional Claims

Daviston identifies his claims as "fraud and civil rights."  (ECF No. 2 at 2.)  The vehicle by which one may pursue civil rights claims in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  To the extent

the Complaint may be understood to raise civil rights claims against BID, as the Court explained to Daviston previously, BID appears to be a non-state actor, who acquired a property at a sheriff's sale and pursued an eviction action against Daviston.  Daviston's constitutional claim against BID is not plausible because merely filing a claim in a state court does not make a private party a "state actor" for purposes of § 1983.  *See Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (holding that there must be such a "close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself.'" (quoting *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005)); *Gueson v. Feldman*, Civ. A. No. 00-1117, 2001 WL 34355662, at *10 (E.D. Pa. Nov. 30, 2001) ("Filing a lawsuit in state court, is not for 1983 purposes 'state action;' nor does it turn a private citizen into a state actor.");. *accord*, *Daviston*, 2019 WL 6894398, at *2.

The § 1983 claims against the Office of Tax Claim Bureau and Office of Delaware County Sheriff also suffer numerous defects.  To plead a basis for liability against county agencies under § 1983, a plaintiff must allege that a County's policy or custom caused the violation of his constitutional rights.  *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978).  "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was."  *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'"  *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)).  "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'"  *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)).  For a custom to be the proximate cause of an injury, a plaintiff

must establish that the defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to [plaintiff's] injury." *Id.* (internal quotations and alterations omitted). Daviston fails to: (1) allege that any policy or custom of Office of Tax Claim Bureau and Office of Delaware County Sheriff caused him to suffer a constitutional violation; (2) specifically describe that policy or custom; or (3) allege a causal connection between the custom or policy and his alleged constitutional injury.

Even if he had done so, however, the claims would still have to be dismissed with prejudice because they are untimely. "A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). The timeliness of a § 1983 claim is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose. *Kach*, 589 F.3d at 634. The Pennsylvania statute of limitations for a personal injury action is two years. *Id.* at 634 (citing 42 Pa. Cons. Stat. § 5524(2)). Thus, the limitations period applicable to Daviston's § 1983 claim is two years. Since he asserts that the events giving rise to his claims occurred on May 10, 2018, and Daviston filed this action on October 2, 2021, his § 1983 claims are not timely.[2]

_____

[2] In Pennsylvania, the discovery rule may operate to delay the running of the statute of limitations in certain circumstances. *Nicolaou v. Martin*, 195 A.3d 880, 892 (Pa. 2018) ("the discovery rule tolls the statute of limitations where the plaintiff is reasonably unaware that he has been injured and that his injury has been caused by another party's conduct") (citing *Fine v. Checcio*, 870 A.2d 850, 858 (Pa. 2005)). "As the discovery rule has developed, the salient point giving rise to its application is the inability of the injured, despite the exercise of reasonable diligence, to know that he is injured and by what cause." *Fine*, at 859. "The reasonable diligence standard is objective, as the question is not what the plaintiff actually knew of the injury or its cause, but what he might have known by exercising the diligence required by law." *Nicolaou*, 195 A.3d at 893. (citations omitted). However, "the objective reasonable diligence standard is 'sufficiently flexible . . . to take into account the differences between persons and their capacity to meet certain situations and the circumstances confronting them at the time in question.'" *Id.* (quoting *Fine*, 870 A.2d at 858).

Whether or not Pennsylvania's discovery rule applies in a given case is a question of fact. *Id.* at 894; *Gleason v. Borough of Moosic*, 15 A.3d 479, 485 (Pa. 2011). As such, it is properly a

**B.    State Law Claims**

Having dismissed his federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims Daviston seeks to assert against the Defendants for fraud.  Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, C.A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

---

question for the jury unless no reasonable juror could find otherwise.  *Fine*, 870 A.2d at 858-59. Here, no reasonable jury could find the discovery rule applies to make Daviston's claims timely. He was clearly aware he had suffered an alleged injury well before the statute of limitation period lapsed since he filed a prior case in 2019 involving the same set of events within the limitations period.

Daviston does not allege the citizenship of the parties.  Rather, he provides only Pennsylvania addresses for himself and the Office of Tax Claim Bureau and Office of Delaware County Sheriff.  Accordingly, Daviston has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue.

An appropriate Order follows dismissing the § 1983 claims with prejudice and the state law claims without prejudice for lack of subject matter jurisdiction.

**BY THE COURT:**


**/s/ Juan R. Sánchez**
**JUAN R. SÁNCHEZ, C.J.**